UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH SERKEZ,

                    Plaintiff,

          -against-

GOV AGENCYS, ET AL,

                    Defendants.

22-CV-8013 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated September 20, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Joseph Serkez brings this action under the Court's federal question jurisdiction. He sues various unidentifiable defendants, such as "legislator," "human," and "gov agencys." (ECF 2 at 4-6.) Plaintiff's claims arose "everywhere" and the events occurred "constant[ly]." Id. at 7.)  He alleges the following:

> Creamation cercumsizion via muslims out of institutions and double shifts same sex x-ray satellites prostitution gap of cost payed in tax flat tax for property n buying fireworks instead of bombs surgerys by court only distraction og=f propety buyout and subsidized backyard farming tranquilizer bullets global tool free military#s steam engines 100 institutional investigators report to ct outsourced jobs have safe passageway to all in location burning of suage true asbestos isn't in concrete and if it gets coated ou grassroots city harvist people topeople hospitals open windows have excurzions buffet sperm bank.

(*Id.*)[1]

Plaintiff does not specifically indicate the relief that he seeks, though he writes, "give us a better government." (*Id.* at 1.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's allegations do not provide an intelligible set of facts or explain what any identifiable defendant did that violated Plaintiff's rights. The allegations, such as the allegations

---

[1] All spelling and punctuation in the quoted material is from the original.

about "subsidized backyard farming tranquilizer bullets," are clearly baseless and rise to the level of irrational. The Court therefore concludes that there is no legal theory on which Plaintiff can rely to state a viable claim based on such facts. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that continued frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission.[2] *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

Dated:     September 26, 2022
           New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[2] Plaintiff's prior similar suit, *Serkez v. The/Our Government*, No. 20-CV-0869 (S.D.N.Y. Feb. 3, 2020), was also dismissed as frivolous, without leave to replead.